UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDY D. SWISHER, JR., )<br>                  )<br>    Plaintiff    )<br>                  )<br>v.    )   2:14-cv-316-JCN<br>                  )<br>CAROLYN W. COLVIN, ACTING COMMISSIONER,  )<br>SOCIAL SECURITY ADMINISTRATION    )<br>                  )<br>    Defendant    ) | |

**MEMORANDUM OF DECISION**[1]

Plaintiff Randy D. Swisher, Jr., seeks disability insurance and supplemental security income benefits under the Social Security Act. Defendant Commissioner found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

As explained below, following a review of the record, and after consideration of the parties' written and oral arguments, the Court remands the matter for further proceedings.

**THE ADMINISTRATIVE FINDINGS**

The Commissioner's final decision is the March 28, 2013, decision of the Administrative Law Judge (ALJ) (ECF No. 9-2).[2] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing level mental impairments

---

[1] The parties have filed a consent authorizing the undersigned to conduct any and all proceedings and enter a final order and judgment in this matter.

[2] Because the Appeals Council found no reason to review that decision, the Acting Commissioner's final decision is the ALJ's decision.

consisting of post-traumatic stress disorder/anxiety disorder, attention deficit hyperactivity disorder, mood disorder, and substance addiction disorder. (ALJ Decision ¶¶ 3, 4.) According to the ALJ, Plaintiff's impairments result in a residual functional capacity (RFC) for physical exertion at all levels and the mental capacity to remember and carry out simple, repetitive instructions, and to persist with work activity at that level of complexity for eight hours each day, five days per week, provided that Plaintiff is not required to work with the general public. (*Id.* ¶ 5.) Although Plaintiff's residual functional capacity precludes Plaintiff's past relevant work, based on the Medical-Vocational Guidelines, the ALJ concluded that Plaintiff could still engage in substantial gainful employment in other occupations. (*Id.* ¶¶ 6, 10.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the ALJ applied the correct legal standards and provided that the ALJ's decision is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff alleges the onset of a disability in August 2008, and argues that the ALJ erred (1) when she rejected opinions and findings of record that would satisfy a listing or, at a minimum, a

2

greater degree of functional limitation than the ALJ found to exist; (2) when she determined that Plaintiff's substance addiction disorder was severe after November 2011; and (3) when she did not give controlling weight to Dr. Skinner's opinions when assessing Plaintiff's RFC.

### A.     The Listings

Plaintiff argues that the record establishes that his mental impairments meet or equal listings 12.04 (affective disorders) and 12.06 (anxiety related disorders). (Statement of Errors at 10.) Plaintiff thus maintains the he is disabled by rule. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

Preliminarily, the ALJ's finding that Plaintiff did not meet listing 12.06 (anxiety related disorders) is supported by substantial evidence on the record. In particular, the Maine Disability Determination Services consulting physicians reviewed the record and concluded that, because the paragraph B criteria included only mild-to-moderate mental limitations and given the absence of evidence that would meet the paragraph C criteria, the requirements for listing 12.06 were not satisfied. (Mary Burkhardt, Ph.D., Feb. 1, 2012, Ex. 6A, R. 87 (initial denial); Brian Stahl, Ph.D., June 9, 2012, Ex. 7A, R. 113 (reconsideration level).) Neither consultant, however, mentioned listing 12.04 and neither consultant identified affective disorder as an "impairment diagnosis."

After concluding that the evidence supported a finding that Plaintiff suffered from a severe mood disorder, the ALJ additionally considered, appropriately, listing 12.04. While listing 12.04 has the same paragraph B criteria as listing 12.06, the listing does not have the same paragraph C criteria as listing 12.06. Whereas paragraph C of listing 12.06 requires evidence of a "complete inability to function independently outside the area of one's home," paragraph C of listing 12.04 requires:

> Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work

>activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
>1. Repeated episodes of decompensation, each of extended duration; or
>
>2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; *or*
>
>3. *Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement*.

20 C.F.R. Part 404, Subpt. P, App. 1, § 12.04 (emphasis added).

The ALJ determined that the record evidence did not establish the presence of the paragraph C requirements. (R. 25.) The extent of her discussion, however, was to reject Dr. Skinner's opinion that Plaintiff "is completely unable to function outside of his home" (R. 25), which is a listing 12.06 requirement rather than a listing 12.04 requirement. Dr. Skinner also opined that Plaintiff has a history that meets paragraph C of listing 12.04 (Ex. 25F, R. 1438), which opinion the ALJ did not address.

Defendant argues that the ALJ's finding regarding paragraph C is supported by substantial evidence because the DDS consultants implicitly rejected listing 12.04 when they made their residual functional capacity assessments. Given that the ALJ concluded that an assessment of 12.04 was warranted, which conclusion is supported by evidence of record, the ALJ was required to assess separately the paragraph C criteria of listing 12.04. Neither the ALJ nor Defendant can rely on the consultants' lack of discussion of a listing that they evidently did not consider applicable. The ALJ must articulate a rational basis, supported by substantial evidence, for finding that the paragraph C criteria are not satisfied. More specifically, when considering whether the paragraph C criteria of listing 12.04 are met or equaled, the ALJ must assess the impact of Plaintiff's combined mental impairments, which may have "medical equivalence" to the listing

4

when considered in combination. 20 C.F.R. §§ 404.1525(c)(5), 404.1526, 416.925(c)(5), 416.926. Because neither the ALJ nor the consultants upon whom the ALJ relied assessed the paragraph C criteria of listing 12.04, remand is appropriate.

B.  **Substance Addiction Disorder**

Plaintiff argues that the ALJ erred when she found that Plaintiff suffers from a severe substance addiction disorder, and that Plaintiff's severe mental impairments are related to Plaintiff's drug and alcohol use. (Statement of Errors at 11.) According to Plaintiff, the record demonstrates that he has been clean and sober since his November 1, 2011, graduation from addiction counseling. (*Id.*) Plaintiff maintains that following his graduation, he engaged in "occasional maladaptive use" that would not amount to an independent mental impairment. (*Id.* at 12, quoting Social Security Ruling 13-2p.) Plaintiff's assertion, however, is inconsistent with his acknowledgement in 2012 that he injected oxycodone in reaction to situational stressors. (*Id.*) Given Plaintiff's significant history with substance abuse, which history includes incidents after his graduation from addiction counseling and a March 2012 discharge summary that includes the diagnosis of opioid dependence (Ex. 17F, R. 1256), the ALJ reasonably concluded that Plaintiff remains more than minimally impaired by issues related to his substance addiction.

C.  **Residual Functional Capacity**

Plaintiff contends that the ALJ should have given Dr. Skinner's RFC assessment controlling weight. (Statement of Errors at 14.) As noted above, the Court will order the remand of the matter for additional proceedings for further assessment of the listings. Because the Court anticipates additional proceedings that could result in further evidence regarding Plaintiff's RFC, the Court's assessment of Plaintiff's argument regarding how Dr. Skinner's RFC assessment compares with the record evidence would be premature.

## CONCLUSION

Based on the foregoing analysis, the Court remands the matter for further proceedings.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of July, 2015.