UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RANDY D. SWISHER, JR., )<br>)<br>    Plaintiff )<br>)<br>    v. )<br>)<br>CAROLYN W. COLVIN, ACTING )<br>COMMISSIONER, SOCIAL SECURITY )<br>ADMINISTRATION, )<br>)<br>    Defendant ) | 2:14-cv-316-JCN |

**MEMORANDUM OF DECISION**

The matter is before the Court on Defendant's Rule 59(e) Motion for Amendment of Judgment. (ECF No. 25.) Through the motion, Defendant requests that the Court reconsider its decision to remand the matter for further proceedings. (ECF No. 22.) After consideration of the parties' arguments and following further review of the record, the Court denies the motion.

**BACKGROUND**

On July 2, 2015, upon consideration of the record, the Court ordered a remand of Plaintiff's claims for disability insurance and supplemental security income. The Court determined that remand was warranted because the Administrative Law Judge (ALJ) had not articulated a rational basis, supported by substantial evidence, for her finding that Plaintiff had not demonstrated a combination of impairments that met or equaled the paragraph C criteria of listing 12.04. (Mem. Dec. at 4, ECF No. 22.) As stated in the decision, "[b]ecause neither the ALJ nor the consultants upon whom the ALJ relied assessed the paragraph C criteria of listing 12.04, remand is appropriate." (*Id.* at 5.)

The listing inquiry arises at step three of the sequential evaluation process. In the

preliminary paragraph of the ALJ's step three discussion, the ALJ stated:

> Although Henry Skinner, M.D., [claimant's] treating psychiatrist at Sweetser since December 2010, has opined that the claimant's mental impairments meet listing criteria, the weight of the medical evidence and his own treatment notes refute this opinion. No other treating or examining physician has mentioned findings that would meet or equal a listed impairment.

(ALJ Dec. at 4, ¶ 4.) Thereafter, the ALJ discussed the absence of evidence meeting the B criteria of the listings, which criteria the ALJ supportably concluded were not satisfied. (*Id.* at 4 – 5.) The ALJ then turned to the C criteria, which can independently support a listing determination. The ALJ reiterated:

> Although Dr. Skinner opines that these criteria are met, there is no support for this in the record. Dr. Skinner stated that the claimant is completely unable to function outside of his home, a conclusion that is not supported in his own treatment notes let alone the medical evidence of record.

(*Id.* at 5.)

Because the ALJ found it appropriate to consider listing 12.04, the relevant paragraph C standard was the following:

> Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
> ….
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Part 404, Subpt. P, App. 1, § 12.04(C)(3). The ALJ did not mention the criteria of 12.04(C)(3), nor did any consulting medical professional reference the criteria in any assessment.

## STANDARD OF REVIEW

"A motion for reconsideration provides the court with an opportunity to correct 'manifest errors of law or fact or to present newly discovered evidence.'" *McLaughlin v. Unum Life Ins. Co.*

*of Am.*, 212 F.R.D. 40, 41 (D. Me. 2002) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). "There are three circumstances in which a court may appropriately grant a motion for reconsideration: (1) where the court made a manifest error of fact or law; (2) where there is newly discovered evidence; and (3) where there has been a change in the law." *Id.*

### DISCUSSION

Defendant argues that the Court's finding of administrative error is based on a "manifest error of law." (Mot. for Am. of J. at 3, ECF No. 25.) Specifically, Defendant asserts (1) that the ALJ appropriately relied on the opinions of Maine Disability Determination Services consulting physicians because, by offering residual functional capacity assessments, the physicians must necessarily have concluded that no listing was met; (2) that the ALJ was not required to rely upon a medical opinion to support her rejection of Plaintiff's listing argument provided that the ALJ permissibly rejected the Plaintiff's expert opinion evidence on the listing issue; and (3) that the Court overlooked the fact that the ALJ provided a sound basis for rejecting the treating source's listing opinion.

1.     **The reviewing expert opinions**

Relying on the decision in *Parker v. Colvin*, No. 2:13-cv-00286, 2014 WL 3533323 (D. Me. July 15, 2014), Defendant asserts that reconsideration is warranted because in this District "substantial evidence supports an ALJ's decision that a claimant does not meet or medically equal a Listing so long as state-agency reviewing physicians have discussed the claimant's residual functional capacity, because this shows that 'they could only have rejected the possibility that any listing was met.'" (Motion at 5, quoting *Parker*, 2014 WL 3533323, at *4 n.3.) Defendant's argument is unpersuasive.

In *Parker*, the Court concluded that the ALJ permissibly found that the claimant's combination of impairments did not meet or equal the listing for Parkinsonian syndrome, where the ALJ made an independent assessment that the record did not include any finding of rigidity, bradykinesia, or tremor in two extremities, which singly or in combination, result in sustained disturbance of gross and dexterous movements, or gait and station. *Parker*, 2014 WL 3533323, at *2. The Court observed that the assessment of the record evidence was within the purview of "a lay person, particularly one experienced in dealing with disability claims." *Id.* at *3. In other words, in *Parker*, the ALJ's analysis of the evidence was independently sufficient to sustain the ALJ's listing determination.

The Court in *Parker* also determined that the ALJ's assessment of the Parkinsonian syndrome listing was supported by the consulting physicians because, although they did not address the listing at issue, they offered residual functional capacity assessments. *Id.* n.3. Based on the assessments, the Court reasoned, the reviewing physicians "could only have rejected the possibility that any listing was met." *Id.* (citing *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 978 n.2 (8th Cir. 2003)). In *Jones*, the reviewing physician identified the appropriate listing, concluded that the claimant's heart condition did not meet "any cardiac listing," and offered an assessment of the claimant's RFC based on the same cardiac condition. *Jones*, 315 F.3d at 978. The Eighth Circuit therefore concluded that the opinion of the reviewing physician supplied substantial evidence in support of the ALJ's listing determination (the claimant in *Jones* did not have a treating source opinion in support of his claim). *Id.* Similar to *Jones*, in *Parker*, a reviewing expert's opinion in the diagnostic portion of the RFC assessment form was consistent with the ALJ's listing determination.

4

Unlike *Jones* and *Parker*, in this case, neither of the reviewing physicians in this case found mood disorder to be severe for diagnostic purposes; instead, they determined that Plaintiff's medical history was more accurately diagnosed as an anxiety disorder. Because they rejected the mood disorder diagnosis, the Court cannot reasonably infer that they considered the listing criteria in 12.04. The mere fact that the reviewing experts provided RFC assessments would not *alone* supply substantial evidence in support of the ALJ's finding on listing 12.04. The Court's conclusion, therefore, is not inconsistent with the reasoning of *Parker*.

**2.     The ALJ's step 3 finding**

Defendant argues that the Court erred because it required the ALJ to identify an expert opinion in support of her step 3 finding. Defendant contends that such a requirement would improperly shift the burden of proof at step 3 to the Commissioner.

At step 3, a claimant bears the burden of proving that his impairment or combination of impairments meets or equals a listing. 20 C.F.R. § 404.1520(d); *Dudley v. Sec'y of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. § 404.1525(c)(3). To equal a listing, the impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404 .1526(a). Standing alone, "[t]he conclusory opinion of a treating physician is not sufficient" to carry the claimant's burden, "particularly when there is evidence in the record to the contrary." *Mulcahey v. Colvin*, No. 2:14-CV-523-JHR, 2015 WL 3948130, at *3 (D. Me. June 28, 2015). The claimant must identify supportive findings in the record. *Id.*

In support of his assertion that he meets listing 12.04, Plaintiff offered a mental RFC assessment from his treating physician, Henry Skinner, MD, in which Dr. Skinner opined that

5

Plaintiff has a "[c]urrent history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement." (Ex. 25F, ECF No. 9-21, PageID # 1481.)  Given Dr. Skinner's opinion, to conclude that Plaintiff did not satisfy a listing, the ALJ was required to provide a good reason to reject Dr. Skinner's opinion.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  The Court concluded that the ALJ failed to assess the paragraph C criteria of listing 12.04 and thus failed to offer a good reason to reject Dr. Skinner's opinion.  As explained below, the record supports this conclusion.

Dr. Skinner's opinion regarding Plaintiff's ability to function "outside a highly supportive living arrangement," specifically tracks the 12.04 listing criteria.  Paragraph C of listing 12.06 requires a claimant to demonstrate a "complete inability to function independently outside the area of one's home."  When discussing Dr. Skinner's opinion, the ALJ limited her reference to Dr. Skinner's view that Plaintiff was "completely unable to function outside of his home." (ECF No. 9-2, PageID # 49.)  The ALJ, therefore, considered and rejected Dr. Skinner's opinion that Plaintiff qualified for a listing under 12.06.  The Court sustained the ALJ's finding, and did not shift the burden to Defendant to prove by expert testimony or otherwise that Plaintiff did not satisfy the criteria for listing 12.06.[1]

Similarly, the Court did not require Defendant to prove by expert testimony or through some other evidence that Plaintiff did not satisfy the criteria for listing 12.04.  Rather, the Court was unconvinced that the ALJ actually considered the listing criteria for paragraph C of listing 12.04.  Had the ALJ referenced the criteria as she did for listing 12.06, *or* had an expert addressed

---

[1] In the two sentences immediately preceding the ALJ's reference to Plaintiff's inability "to function outside of his home," the ALJ wrote, "the evidence fails to establish the presence of the 'paragraph C' criteria. Although Dr. Skinner opines that these criteria are met, there is no support for this in the record." (ECF No. 9-2, PageID # 49.) Defendant maintains that the ALJ's reference to paragraph C criteria in this context can be construed as a reference to the paragraph C criteria in both 12.04 and 12.06. The Court is unconvinced. Logic and reason suggest that the ALJ's more specific reference to Plaintiff's "inability to function outside of his home" in the following sentence was the paragraph C criteria (of 12.06) to which she referred.

the criteria, the Court might have concluded that the ALJ considered and rejected the claim, and that the ALJ's decision was supported by substantial evidence on the record.[2]  Without any discussion of the 12.04 criteria and without any other evidence that addressed the criteria, the Court concluded that remand was appropriate for the ALJ to address the issue that was raised by Dr. Skinner's opinion.  The Court's conclusion does not constitute a shift of the burden; instead, it simply acknowledges the need for the ALJ to consider the opinion and provide good reasons if she decides to reject the opinion.

## CONCLUSION

Based on the foregoing analysis, the Court denies Defendant's Rule 59(e) Motion for Amendment of Judgment (ECF No. 25).

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of December, 2015.

---

[2] As mentioned above, in the Memorandum of Decision, the Court wrote, "[b]ecause neither the ALJ nor the consultants upon whom the ALJ relied assessed the paragraph C criteria of listing 12.04, remand is appropriate." (Mem. Dec. at 5, ECF No. 22.)  Defendant's argument suggests that Defendant was concerned that the ALJ must rely on expert testimony in order to reject a claimant's request for a listing finding.  While the Court understands Defendant's concern, the Court's reference to the lack of a consultant's reference to the criteria was merely an attempt to suggest that perhaps the Court could have determined that the ALJ considered the 12.04 listing criteria, despite the fact that she did not reference it specifically, if the record, for instance through the opinion of one of the consultants, contained evidence that specifically addressed the criteria.